UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | |
|---|---|
| **JACOB MICHAUD**, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) |
| **BANGKOK THAI ENTERPRISES, INC.** | **)** |
| **D/B/A BODA,** | ) |
| | ) |
| Defendant. | ) |

## NOTICE OF REMOVAL

Pursuant to 28 U.S.C. §§ 1331, 1441, and 1446, Defendant Bangkok Thai Enterprises, Inc. d/b/a Boda (hereinafter "Defendant") hereby notices the removal of this action from the Superior Court of the State of Maine for Cumberland County (the "State Court") to the United States District Court for the District of Maine.  In support of this Notice of Removal, Defendant states as follows:

### STATE COURT ACTION

On or about March 27, 2026, Jacob Michaud ("Plaintiff") commenced an action in Cumberland County Superior Court, captioned Jacob Michaud v. Bangkok Thai Enterprises, Inc. d/b/a Boda, Civil Action No. PORSC-CV-2026-134 (the "State Court Action").  The State Court Action is now pending in that court.

On or about April 8, 2026, Counsel for Defendants executed an Acceptance of Service. *See* Complaint at **Exhibit A**; Summons at **Exhibit B**; and a copy of the Voluntary Acceptance of Service at **Exhibit C** as filed in the State Court Action.

A certified copy of the State Court record has been requested and will be filed with this Court upon receipt, in accordance with the Local Rules.

1

**TIMELINESS OF REMOVAL**

This Notice of Removal is timely filed within thirty (30) days after Defendant was served with the Complaint in the State Court Action, as required by 28 U.S.C. § 1446(b)(1).  See 28 U.S.C. § 1446(b); Murphy Brothers, Inc. v. Michetti Pipe Stringing, Inc., 526 U.S. 344 (1999); Boyd v. Phoenix Funding Corp., 366 F.3d 524, 529-530 (7th Cir. 2004).

This Notice of Removal is also filed within one year of the commencement of the State Court Action and is therefore timely under 28 U.S.C. § 1446(c)(1).

**GROUNDS FOR NOTICE OF REMOVAL**

**I.      Federal Question Jurisdiction**

To establish federal question jurisdiction for removal purposes, an action must be "arising under the Constitution, laws, or treaties of the United States."  28 U.S.C. § 1331.  The United States District Court for the District of Maine has original jurisdiction over this action because Plaintiff alleges violations of federal law.  28 U.S.C. § 1331; Grable & Sons Metal Prods., Inc. v. Dante Eng'g & Mfg., 545 U.S. 308, 312 (2005).  Accordingly, the Complaint is properly removed pursuant to 28 U.S.C. §§ 1331, 1441 and 1446.

Here, the Complaint alleges that Plaintiff engaged in protected activity under federal law and made complaints protected under "Title VII, 42 U.S.C. §2000e-3(a) (prohibiting retaliation for opposing unlawful employment practices)," Compl. at ¶¶ 42, 44(a).  Specifically, in "Introduction," Plaintiff states that he brings his claims under "Title VII of the Civil Rights Act of 1964 and 42 U.S.C. §1981."  Compl. at p. 1. Count I of the Complaint seeks relief under "Title VII, 42 U.S.C. §2000e-3(a)" and alleges that "Plaintiff's complaints were protected under: (a) Title VII, 42 U.S.C. §2000e-3(a)." Compl. at ¶44(a).

2

Because Plaintiff's Complaint references and articulates claims under a statute that invokes federal jurisdiction (Title VII and §1981), removal on the basis of federal question is proper.

Additionally, federal courts may exercise supplemental jurisdiction over state law claims if they "form part of the same case or controversy" as claims that are properly within the jurisdiction of the federal court. See 28 U.S.C. § 1367(a). Supplemental jurisdiction over Plaintiff's state law claims is proper because Plaintiff's claims for violations of the Maine Human Rights Act (5 M.R.S. § 4572, *et seq.*), Maine Whistleblower Protection Act (26 M.R.S. § 833, *et seq.*), and Maine Human Rights Act Retaliation (5 M.R.S. § 4633) are related to Plaintiff's federal law claims as they are part of the same case or controversy under Article III of the United States Constitution and because no novel or complex issue of state law predominates. See 28 U.S.C. §§ 1367 and 1441(c). Accordingly, removal of this case to this Court on the basis of federal jurisdiction is proper.

## VENUE

The United States District Court for the District of Maine is the District Court of the United States within which the State Court Action is currently pending, and therefore venue is proper under 28 U.S.C. § 1446(a).

## NOTICE TO ADVERSE PARTIES AND STATE COURT

Pursuant to 28 U.S.C. § 1446(d), upon filing of this Notice of Removal Defendants gave written notice thereof via e-mail and mail to Plaintiff's counsel, Jeffrey Bennett, Esq. of Legal-Ease, LLC PA, 2 City Center, Portland, ME 04101, jbennett@legal-ease.com. A copy of the Notice to Adverse Party is attached as **Exhibit D**.

3

Pursuant to 28 U.S.C. § 1446(d), a copy of this Notice of Removal is being submitted for filing with the Clerk of the Superior Court of the State of Maine for Cumberland County.  A copy of the Notice to the Superior Court is attached as **Exhibit E**.

## RESERVATION OF RIGHTS

By filing the Notice of Removal, Defendant does not waive any objections it may have as to service, jurisdiction, or venue, or any other defenses available to them at law, in equity or otherwise.  Defendant intends no admission of fact or law by this Notice and expressly reserve all defenses and motions.

If this Court should be inclined to remand this action, Defendant requests that this Court issue an Order to Show Cause why the case should not be remanded, providing Defendant an opportunity to present briefing and argument prior to any possible review.  Because a remand order is not subject to appellate review, such a procedure is appropriate.

As required by 28 U.S.C. § 1446(a), this Notice of Removal is signed under Rule 11 of the Federal Rules of Civil Procedure.

## RELIEF REQUESTED

Defendant requests that the United States District Court for the District of Maine assume jurisdiction over the above-captioned action and issue such further orders and processes as may be necessary to bring before it all parties necessary for the trial of this action.

WHEREFORE, Defendant respectfully requests that this action proceed as an action properly removed from the Superior Court of the State of Maine for Cumberland County, to the United States District Court for the District of Maine.

Date:  April 15, 2026                                   Respectfully submitted,

                                                        */s/ Steven J. Silver*
                                                        Steven J. Silver, Bar No. 005946
                                                        LITTLER MENDELSON, P.C.
                                                        One Monument Square, Suite 600
                                                        Portland, ME 04101
                                                        Phone:  207.774.6001
                                                        ssilver@littler.com

                                                        *Attorney for Defendant*
                                                        *BANGKOK THAI ENTERPRISES, INC. D/B/A*
                                                        *BODA*

## CERTIFICATE OF SERVICE

I, Steven J. Silver, hereby certify that I electronically filed the foregoing document using the CM/ECF system on the date noted below, which will send notification of such filing to the following:

Jeffrey Bennett, Esq.
Legal-Ease, LLC PA
2 City Center
Portland, ME 04101
jbennett@legal-ease.com


Date:  April 15, 2026

Respectfully submitted,

*/s/ Steven J. Silver*
Steven J. Silver, Bar No. 005946
LITTLER MENDELSON, P.C.
One Monument Square, Suite 600
Portland, ME 04101
Phone:  207.774.6001
ssilver@littler.com

*Attorney for Defendant*
*BANGKOK THAI ENTERPRISES, INC. D/B/A*
*BODA*

6